# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHARLES TERRENCE BRUFF, <br><br> *Plaintiff-Relator*, <br><br> v. <br><br> USAA INSURANCE AGENCY, INC., *et al.*, <br><br> *Defendants*. | Civil Action No. 5:22-cv-593-DAE |

## <u>OPTUM RX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS</u>

Consistent with his Amended Complaint, Relator's opposition[1] to Optum Rx, Inc.'s ("Optum's") Motion to Dismiss barely mentions Optum. Instead, Relator's opposition recites the history of the False Claims Act ("FCA"), and then repeats his allegations against defendants other than Optum with one additional argument, that "Optum does the same thing." Dkt. No. 66 ("Op.") at 14. Because Relator does not satisfy basic pleading standards, the Amended Complaint should be dismissed as to Optum under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). Moreover, the dismissal should be with prejudice, because while Relator has tried multiple times to plead a claim against Optum, the Amended Complaint now contains *fewer allegations* against Optum than were present in his initial Complaint.

In addition, Relator has not substantively responded to Optum's separate argument that this case should be dismissed because FCA *qui tam* actions conflict with Article II of the Constitution.

---

[1] Relator filed his initial opposition to Optum's Motion to Dismiss on October 17, 2025 (Dkt. No. 62). Approximately two weeks later, Relator requested, and the Court granted him permission to file a revised opposition. For simplicity, all references herein to Relator's filing are to his revised opposition (Dkt. No. 66).

Optum continues to acknowledge the Fifth Circuit's decision in *Riley v. St. Luke's Episcopal Hospital*, 252 F.3d 749 (5th Cir. 2001), which reached the opposite conclusion. However, given the growing body of law reflecting that FCA *qui tam* actions are unconstitutional, some of which came out as recently as last week, and to preserve the argument, Optum respectfully requests that the Court dismiss the Amended Complaint on this ground as well.

## ARGUMENT

### I. Relator's Allegations Regarding Optum Do Not Satisfy Rules 8(a) or 9(b)

Relator does not substantively address Optum's arguments that the Amended Complaint fails to state either a reverse false claim or a presentment claim against it. Instead, Relator simply substitutes "Optum" in place of "Caremark," apparently contending that because both entities are Pharmacy Benefit Managers ("PBMs"), and he has allegedly uncovered evidence that Caremark violated the FCA, all PBMs, including Optum, "do[] the same thing." *See, e.g.*, Op. 2, 7, 14. Without taking any position on whether Relator may, or may not, have pleaded a valid claim against Caremark, Relator has alleged no facts to support a claim that Optum is equivalent to Caremark. *See U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements' do not establish facial plausibility.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *U.S. ex rel. Gage v. Davis SR Aviation*, No. 12-CA-904, 2014 WL 3007201, at *6-8 (W.D. Tex. July 2, 2014) (dismissing relator's FCA claims because relator's generic and conclusory allegations failed to meet the high standard of Rule 9(b)); *U.S. ex rel. Bailey v. Ector Cnty. Hosp.*, 386 F. Supp. 2d 759, 763-64 (W.D. Tex. 2004) (finding relator's allegations failed to fulfill the requirements of Rule 9(b) because they amounted to nothing more than mere speculation).

In the absence of factual allegations sufficient to support a valid cause of action, Relator misreads the controlling case law, suggesting that the Fifth Circuit's decision in *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009), obviates a relator's obligation to comply with basic pleading requirements. *See* Op. 11-12 (citing *Grubbs* for the proposition that Rule 9(b)'s application in FCA cases is limited and the "elements" of the claims he alleges require only that he plead those elements). *Grubbs* did not do so. Instead, *Grubbs* reinforced (1) the requirements of Rule 8(a), i.e., that a complaint's factual allegations must plausibly entitle a plaintiff to relief, and (2) the applicability of Rule 9(b) to all FCA claims. *See Grubbs*, 565 F.3d at 185 (explaining that all complaints filed under the FCA must meet the heightened pleading standard of Rule 9(b) which "supplements but does not supplant" Rule 8(a)). With respect to the latter issue, *Grubbs* held that a relator may satisfy Rule 9(b) by alleging *either* particular times, dates, contents, and other details of actually submitted false claims, or by alleging "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Grubbs*, 565 F.3d at 190. *Grubbs* made it clear, however, that one or the other is required. *See id.* at 191 (explaining that Rule 9(b) "prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a 'fishing expedition'"). Neither exists here.

Relator also relies on authority he admits is not controlling because it was decided before *Grubbs*. Op. 11. But even that case law does not support his position, and, in fact, weighs in favor of dismissal. For example, under the "relaxed" Rule 9(b) standard espoused in *U.S. ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 820 (E.D. Tex. 2008)—though not adopted by *Grubbs*[2]—a relator must still set forth the factual basis for his claims. *See id.* at 820-22 (explaining

---

[2] *See Grubbs*, 565 F.3d at 185 & n.10 (discussing the Fifth Circuit's application of Rule 9(b) to FCA cases and citing *United States ex rel. Russell v. Epiq Healthcare Mgmt. Grp.*, 193 F.3d 304 30-09 (5th Cir. 1999), for the proposition that "[a] special relaxing of Rule 9(b) is a *qui tam*

"the Fifth Circuit has warned that a relaxed pleading standard 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations'") (citing *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003)).  Indeed, the *Foster* court dismissed relator's FCA claims for failing do to so, finding that even under a relaxed Rule 9(b) pleading standard, relator's allegations were nothing more than speculation.  *See id.*  The same was true in *U.S. ex rel. King v. Alcon Labs, Inc.*, 232 F.R.D. 568, 572 (N.D. Tex. 2005) (finding that relator's claims failed even under a relaxed Rule 9(b) pleading standard).

Relator's allegations concerning Optum do not meet even the "relaxed" standard for which he advocates, much less the applicable Rule 8 and 9(b) requirements.  As Optum explained in its Motion, the Amended Complaint does not set forth a factual basis for any claims against Optum. *See* Mot. 3, 5-15.  Relator concedes that he does not provide particular times, dates, and contents of false claims supposedly submitted by Optum or an employer for which it serves as a PBM.  *See* Op. 12-14.  Instead, he argues that the Amended Complaint "describes how [PBMs] such as Optum further [large group health plans'] scheme by submitting false claims to the Government instead of the large group health plan."  Op. 1.

To support this bald assertion, Relator tries to rewrite his Amended Complaint by either stating without citation that such details exist, or by substituting "Optum" for "Caremark."  For example, Relator states that "[t]he FAC alleges that Optum submits false claims to the Government which it knows that its large group health plan customers should pay. . . . These allegations establish both the existence of the large group health plans' obligations and Optum's knowing concealment of that obligation."  Op. 14.  However, Relator provides no citations to direct the

plaintiff's ticket to the discovery process that the statute itself does not contemplate" (internal quotation marks omitted)).

Court or Optum to these allegations in the Amended Complaint because they do not exist. *See also, e.g.*, Op. 2-3 (asserting without citation that "[t]he FAC provides sufficient particularity under Rule 9(b) by detailing the large group health plans' specific fraudulent conduct…and explaining how PBMs including Optum abet this fraud").

Likewise, the citations Relator does provide are to portions of his Amended Complaint that concern USAA and Caremark, not Optum. *See, e.g.*, Op. 8-10, 13-14 (discussing Relator's alleged evidence against USAA and Caremark). Indeed, at times, Relator directly conflates portions of his pleading by relacing references to "Caremark" with "Optum." *Compare, e.g.*, Op. 2 (citing Amended Complaint ¶ 42 for the proposition that "Optum's submission of a claim in real time is rejected by the large group health plan") *with* Am. Compl. ¶ 42 ("Caremark's submission of a claim in real time is rejected by the USAA large group health plan"). The only arguably substantive allegation Relator points to vaguely asserts that "OptumRX engages in a similar practice with all of its administered plans by allowing large group health plans to determine whether to coordinate benefits with public programs." Am. Compl. ¶ 70; *see also* Op. 2, 7, 9, 13 (citing Am. Compl. ¶ 70). Again, and as he admits in his opposition, Relator's only relevant allegation is that Optum supposedly "does the same thing" as other PBMs. Op. 14. By asking the Court to blindly treat Caremark and Optum as interchangeable, Relator runs afoul of basic pleading standards. *See, e.g.*, *United States v. Lakeway Reg'l Med. Ctr., LLC*, No. 19-CV-00945, 2020 WL 6146571, at *2, *4 (W.D. Tex. Feb. 13, 2020) (explaining that a plaintiff must distinguish between the relevant conduct of each defendant to satisfy Rule 9(b)); *Ocoro v. Montelongo*, No. 16-cv-01278, 2018 WL 3040582, at *4 (W.D. Tex. June 19, 2018) ("Clearly identifying the party responsible for each fraudulent act is a fundamental requirement of Rule 9(b).").

## II.    FCA Qui Tam Lawsuits are Unconstitutional

After initially failing to respond to Optum's argument that *qui tam* FCA lawsuits violate Article II of the Constitution, Relator's opposition has been revised to address the argument by summarily dismissing it.  *Compare* Dkt. No. 62 *with* Dkt. No. 66 at 3.  As set forth in Optum's Motion, Optum recognizes the Fifth Circuit's decision in *Riley v. St. Luke's Episcopal Hospital*, 252 F.3d 749 (5th Cir. 2001).  Mot. at 2.  Given developments in the case law, however, including a recent concurring opinion authored by the Honorable Judge James C. Ho of the Fifth Circuit, Optum raises the argument to preserve it if this case were to move forward.  *See* Mot. 15-18.

Indeed, just last week, Judge Ho became the second sitting Fifth Circuit judge to observe that the qui tam provisions of the FCA are unconstitutional and called for the Court to revisit *Riley*. *See United States ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.*, No. 25-20093, 2025 WL 3063921, at *5 (5th Cir. Nov. 3, 2025) (Ho, J., concurring).  Judge Ho's concurring opinion refers to the same constitutional concerns repeatedly shared by many members of the federal judiciary including, as Optum previously explained, that the FCA's *qui tam* provisions conflict with both the Appointments Clause and the Take Care Clause of Article II of the Constitution because they allow private relators to exercise a core executive power without being appointed by the President or under the government's control.  *See, e.g.*, *id.*; *United States ex rel. Polansky v. Executive Heath Res., Inc.*, 599 U.S. 419, 442 (2023) (Kavanaugh, J., joined by Barrett, J., concurring) ("There are substantial arguments that the qui tam device is inconsistent with Article II and that private relators may not represent the interests of the United States in litigation."); *id.* at 449 (Thomas, J., dissenting).

Specifically, the FCA's *qui tam* provisions allow relators to sue on behalf of the United States and to continue to pursue that litigation on the government's behalf, even when the United

States has declined to intervene. Such authority is significant and exercised from a "continuing position" within the meaning of Article II. *See, e.g.*, *United States ex rel. Montcrief v. Peripheral Vascular Assocs., P.A.*, 133 F.4th 395, 411 (5th Cir. 2025) (Duncan, J. concurring); *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293, 1313–17 (M.D. Fla. 2024). Likewise, a relator's ability to wield this significant power leaves the United States without sufficient control over litigation that is proceeding in its name. *See, e.g.*, *Riley*, 252 F.3d at 763 (Smith, J., dissenting); *Montcrief*, 133 F.4th at 412 (Duncan, J., concurring). These aspects of the FCA's *qui tam* provisions thus render those provisions unconstitutional.

## III. Relator's Amended Complaint Should be Dismissed Without Leave to Amend

Finally, based upon general recitations of Federal Rule of Civil Procedure 15(a)'s amendment provision, Relator argues he should be permitted to amend his complaint again. Op. 14. But Relator already had an opportunity to amend, and in doing so made *even fewer* and less specific allegations against Optum than in his original Complaint. *See* Mot. 1-3. This table compares the allegations specifically directed at Optum:

| Complaint (Dkt. No. 5) | Amended Complaint (Dkt. No. 48) |
| --- | --- |
| "OptumRX, Inc. is a for-profit Pharmacy Benefits Manager incorporated in California." ¶ 8. | "OptumRX is a for-profit PBM incorporated in California." ¶ 20. |
| "OptumRX engages in a similar practice with all of its administered plans by allowing GHPs to determine whether to coordinate benefits with public programs. For example, Walmart's prescription drug plan is administered by OptumRX. According to Walmart's plan, it does not allow employees who qualify for Medicare Part D to enroll in its employee health plan. This makes it impossible for dual eligible to enroll, which means the government is paying for claims that should be covered by the private insurer. That is fraud. Numerous additional examples can be provided by Relator." ¶ 46. | "OptumRX engages in a similar practice with all of its administered plans by allowing large group health plans to determine whether to coordinate benefits with public programs. This makes it impossible for any Medicare Part D beneficiary to enroll, which means Medicare is paying for claims that should be covered by the private insurer. That is fraud." ¶ 70. |

Indeed, Relator does not even attempt to articulate any additional allegations he might be able to make against Optum that could cure his pleading deficiencies. As set forth in Optum's Motion and in cases Relator himself cites, under such circumstances, the Court should conclude that amendment would be futile and deny Relator leave to amend. *See, e.g.*, *Derouuseau v. Korzeilus*, No. 24-CV-6516, 2025 WL 1684860, at \*2 (S.D.N.Y. June 16, 2025) (dismissing amended complaint that included "fewer factual allegations than the original complaint" without "another opportunity to amend"); *Foster*, 587 F. Supp. 2d at 829-30 (denying leave to amend because relator's "bare request" provided no grounds on which an amendment should be permitted); *King*, 232 F.R.D. at 572 (denying leave to amend as futile because relator repeatedly failed to meet the basic requirements of 9(b)).

### CONCLUSION

Relator does not satisfy the pleading standards under Rules 8(a), 9(b), and 12(b)(6). Nor does Relator squarely address Optum's arguments regarding the constitutionality of the qui tam provisions of the FCA. For these reasons, Optum respectfully requests that its Motion to Dismiss be granted and the claims against it be dismissed with prejudice.

Dated: November 14, 2025

Respectfully Submitted,

*/s/ Eliot T. Burriss*

| | |
|---|---|
| Henry P. Van Dyck (admitted pro hac vice) | Eliot T. Burriss |
| Antonio M. Pozos (admitted pro hac vice) | FAEGRE DRINKER BIDDLE & |
| FAEGRE DRINKER BIDDLE & | REATH LLP |
| REATH LLP | 2323 Ross Ave., Suite 1700 |
| 1500 K Street NW, Suite 1100 | Dallas, TX 75201 |
| Washington, DC 20005 | (469) 357-2500 |
| (202) 230-5000 | eli.burriss@faegredrinker.com |
| henry.vandyck@faegredrinker.com | |
| antonio.pozos@faegredrinker.com | *Counsel for Defendant Optum Rx, Inc.* |