UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| *ex rel.* CHARLES TERRENCE BRUFF | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:22-cv-593-DAE |
| | § | |
| UNITED SERVICES AUTOMOBILE | § | |
| ASSOCIATION, CAREMARK RX, | § | |
| L.L.C., OPTUMRX, INC. and EXPRESS | § | |
| SCRIPTS, INC. | § | |
| *Defendants.* | § | |

## CAREMARK RX, LLC'S OPPOSITION TO RELATOR'S MOTION FOR DEFAULT AND CROSS-MOTION TO DISMISS FOR LACK OF PROSECUTION

Caremark RX, LLC ("Caremark") opposes Relator Charles Bruff's Motion for Default and cross-moves for dismissal under Federal Rule of Civil Procedure 4(m). Neither Caremark nor its registered agent, CT Corporation, has any record of being served with Relator's original Complaint. And although Relator obtained and filed waivers or provided the Court proof of service for other Defendants, as he is required to do under Federal Rule of Civil Procedure 4(*l*)(1), Relator did no such thing with respect to Caremark. Caremark, therefore, had no notice that Relator had attempted to effect service of his original complaint until the afternoon of December 5, when it learned of Relator's Motion for Default. Nor, critically, does Relator claim that he served his July 21, 2025 Amended Complaint—the only operative complaint in this action—on Caremark. Because the Amended Complaint makes a new claim, Relator was required to serve Caremark under Rule 4. Fed. R. Civ. P. 5(a)(2). Therefore, and as discussed in further detail below, the Court should deny Relator's Motion for Default and dismiss this action as against Caremark under Federal Rule of Civil Procedure 4(m).

1

**BACKGROUND**

1.      This case was unsealed on February 27, 2025.  Caremark's in-house counsel with responsibility for the matter was aware that the complaint had been unsealed and was in contact with in-house counsel for Defendants United Services Automobile Association ("USAA") and OptumRX, Inc. ("OptumRX"). Exhibit 1 (Urbano Decl.) ¶ 2.

2.      On May 20, 2025, Relator filed a waiver of service for USAA and a certificate of service on Express Scripts.  Dkt. 33, 34.  Relator filed a waiver of service for OptumRX on June 3, 2025.  Dkt. 35.  At no point did Relator file anything on the docket indicating that Caremark had been served.  Nor did Relator request that Caremark waive service of process.  *See* Fed. R. Civ. P. 4(*l*)(1) (requiring proof of service absent a waiver).

3.      Caremark, meanwhile, was not served directly.  Exhibit 1 (Urbano Decl.)  ¶ 4.  Nor did it receive service through its registered agent, CT Corporation.  *Id.* ¶ 5.  As a matter of course, CT Corporation notifies Caremark whenever it receives service of process, and CT Corporation did not indicate that it received service for this case.  *Id.* ¶¶ 5, 6.  In-house counsel nevertheless asked CT Corporation specifically whether Caremark had been served in this matter on May 2, 2025 and, coincidentally, on the morning of December 4, 2025—the same day Relator filed his Motion for Default.  *Id.* ¶¶ 4-6.  Each time Caremark inquired, CT Corporation indicated that it had not accepted service on Caremark's behalf in this matter.  *Id.* ¶ 6.

4.      On July 21, 2025, Relator filed an amended complaint.  Dkt. 48.  That complaint added an entirely new "reverse" False Claims Act claim.  *Compare* Dkt. 5 *with* Dkt. 48.  Relator does not contend in his Motion for Default that he served the amended complaint on Caremark. And Caremark has no record of being served, directly or through its registered agent, with Relator's amended complaint.  Exhibit 1 (Urbano Decl.) ¶ 5.

5.      On December 4, 2025, Relator filed a Motion for Default alleging that he had served his original complaint on Caremark on May 20, 2025.  Dkt. 70.  Relator did not serve that motion on Caremark, CT Corporation, or—to Caremark's knowledge—any attorney representing Caremark.  Exhibit 1 (Urbano Decl.) ¶ 7.

6.      On December 5, 2025, Caremark learned of Relator's motion.  *Id.*  Caremark immediately checked again whether it had any internal record of service in this matter and again asked CT Corporation whether it had any record of Caremark being served.  Exhibit 1 (Urbano Decl.) ¶ 8.  Neither Caremark nor CT Corporation had any record of being served.  *Id.*

7.      Caremark filed this opposition on December 8, 2025, one business day after learning of Relator's Motion for Default.

## ARGUMENT

8.      ***Entry of Default Is Not Warranted***.  In considering whether a default is warranted, courts assess three factors:  (1) whether the default was willful; (2) prejudice to the adversary; and (3) whether there is a potentially meritorious defense.  *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).  "The Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments."  *United States v. Tellez*, 678 F. Supp. 2d 437, 440 (W.D. Tex. 2009) (internal quotation marks omitted) (quoting *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)).  Thus, "any doubt should, as a general proposition, be resolved in favor of" the party opposing a default.  *Id.* (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir.2000)).

9.      All three factors weigh strongly against Relator's request for a default against Caremark.  *First*, any default by Caremark was not willful.  Quite the contrary.  Caremark looked diligently for any indication that Relator had chosen to pursue his claims against it. Caremark's

3

counsel monitored internally for service directly on Caremark. Exhibit 1 (Urbano Decl.) ¶ 4. And he explicitly asked Caremark's registered agent, CT Corporation, whether Relator had served his complaint. *Id.* ¶¶ 5-6.

10. At no point did Caremark receive any indication from internal sources or from its registered agent that Relator had effected or attempted to effect service. The docket likewise gave no indication that Relator had chosen to pursue his Caremark-related claims. Relator filed waivers or proof of service on the docket for all other Defendants in the action. See Dkt. 33, 34, 35. But he made no such filing for Caremark. Indeed, Relator provided no proof of service, as required by Federal Rule of Civil Procedure 4(*l*)(1), until his December 4, 2025 Motion for Default.

11. When Caremark learned of Relator's motion on the afternoon of December 5, 2025, it took immediate action. Caremark again verified, internally and with CT Corporation, that it has no record of service in this matter. And Caremark filed this Opposition and Cross-Motion on December 8, 2025, one business day after becoming aware of the Motion for Default. Exhibit 1 (Urbano Decl.) ¶ 7. That record establishes diligence, not a willful failure to respond to Relator's lawsuit.

12. *Second*, Caremark's defending this matter on its merits would cause Relator no prejudice. In the context of a default, "mere delay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293. Relator cannot make that showing here. This case is in its earliest stages. Motions to dismiss have not yet been decided. Caremark is not aware of any discovery or other proceedings having occurred. And there is absolutely no evidence that allowing Caremark to respond to Relator's claims on their merits

would "result in the loss of evidence, increased difficulties in discovery," or any other cognizable prejudice. *Id.* at 293.

13. *Third*, Caremark has meritorious defenses. To meet this criterion, Caremark need only show that there is a "possibility that the outcome would differ" absent a default. *Tellez*, 678 F. Supp. 2d at 443 (internal quotation marks omitted). Caremark comfortably meets that standard. For the reasons explained in OptumRX's and USAA's motions to dismiss, Relator fundamentally misunderstands the rules governing coordination of benefits and, in particular, pharmacy benefit managers' obligations in conjunction with those rules. *See* Dkt. 56, 57, 68, 69. As Caremark is prepared to explain in further detail in its own motion to dismiss, that core misunderstanding, among other things, warrants dismissal of Relator's claims in full and with prejudice.

14. ***Relator's Claims Against Caremark Should Be Dismissed Under Federal Rule of Civil Procedure 4(m)***. Independently, Caremark could not be in default because the complaint Relator alleges he served is not the operative complaint in this matter—and Relator failed to serve the operative complaint as the Federal Rules of Civil Procedure require.

15. In his Motion for Default, Relator asserts that he served Caremark on May 20, 2025. But Relator filed an amended complaint on July 21, 2025. That amended complaint, not the February 2025 complaint Relator claims to have served on Caremark, is now the operative pleading in this matter. *See, e.g.*, *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case." (cleaned up)).

16. Relator's amended complaint includes a "reverse False Claims Act" claim that Relator did not attempt to plead in his original complaint. As a result, Relator had to serve his amended complaint on Caremark "under Rule 4." Fed. R. Civ. P. 5(a)(2). Rule 4 requires service

"within 90 days after the complaint was filed." Fed. R. Civ. P. 4(m). If a plaintiff does not serve his complaint within that timeframe "the court . . . ***must*** dismiss the action without prejudice or order that service be made within a specified time." *Id.* (emphasis added).

17.     Relator filed his amended complaint on July 21, 2025. It is now December 8—140 days later. Relator does not claim that he served his amended complaint on Caremark, and Caremark has no indication that he has done so. Caremark, therefore, cannot possibly be in default of the operative complaint. *See Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) ("A defendant cannot default if he had no duty to answer the suit—and he need not answer until service has been perfected." (internal quotation marks omitted)). And Relator failed to serve the amended complaint on Caremark, as he was required to do under Rule 5(a)(2). *See* 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1146 (4th ed.) ("The service provisions of Rule 5 apply only to parties who have appeared. Thus, it is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4."). Because Relator failed to serve Caremark within 90 days, his claims against Caremark should be dismissed under Rule 4(m).

## CONCLUSION

For the foregoing reasons, Caremark respectfully requests that the Court deny Relator's motion for a default and dismiss its claims against Caremark under Rule 4(m) for lack of prosecution.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
Email: dprichard@pomllp.com

Jillian C. Beck
State Bar No. 24082672
(210) 477-7405 [Direct]
Email: jbeck@pomllp.com
PRICHARD OLIVER MONTPAS, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, TX 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Fax]

Enu A. Mainigi, *pro hac vice forthcoming*
Email: emainigi@wc.com
A. Joshua Podoll, *pro hac vice forthcoming*
Email: apodoll@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029

**ATTORNEYS FOR DEFENDANT
CAREMARK RX, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served electronically on all counsel of record using the CM/ECF filing system on December 8, 2025.

*/s/ David M. Prichard*
David M. Prichard